UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROGER T. TATUM, | |
| Petitioner, | Case No.  C07-5168RBL |
| v. | REPORT AND RECOMMENDATION |
| CHONDRA WRZENSINSKI, *et al.*, | |
| Respondents. | Noted June 8, 2007 |

The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.  After reviewing the petition and the remaining record, I submit the following report and recommendation.

<u>DISCUSSION</u>

On March 30, 2007, petitioner filed  the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Subsequently, this court reviewed the petition, but this court refused to serve the petition because it appeared petitioner had not properly exhausted his state court remedies.  *See* Doc. 6.  The Petition claims the Lewis County court and jail have wrongfully calculated or applied the time served and the remaining time he must serve on his criminal conviction(s).  The petition fails to show that this issue was properly  presented to the Washington Supreme Court.  The court, in its previous order declining to serve the petition, explained, "State remedies must first be exhausted on all issues raised in a federal habeas petition. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254 (b)-(c)."

REPORT AND RECOMMENDATION
Page - 1

Plaintiff was provided approximately thirty (30) days to show cause why the petition should not be dismissed for failing to exhaust state remedies. The thirty day period has expired and petitioner has failed to file a response to the court's order.

## CONCLUSION

Because petitioner has failed to show cause regarding exhaustion of state remedies, the petition appears to contain issues which have not been properly presented to the state supreme court. Accordingly, the Court should dismiss this matter without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 8, 2007**, as noted in the caption.

DATED this 16th day of May, 2007.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge